HENRY TURRISH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44742.   Promulgated November 25, 1931.

*Frank W. Wilson, C. P. A.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent asserts a deficiency in income tax for the year 1926, in the amount of $2,714.04. All errors alleged by petitioner are abandoned except the claim that certain losses sustained in 1924 and 1925 were net losses within the meaning of section 206 of the Revenue Act of 1926, and, therefore should be carried forward to reduce taxable income for the year 1926. The amounts of such losses have been proved or stipulated. In 1925 petitioner sustained a loss in the sale of the stock of the Potlatch Lumber Company, in the amount of $209,160, and other losses in 1924 and 1925, in the respective amounts of $40,016.46 and $118,290.33. The only question at issue is whether he was engaged in a trade or business regularly carried on for profit.

The petitioner is an individual residing at Duluth, Minn., where he maintains an office through which his business affairs are conducted. Before he was twenty-one years old he became interested in the timber and lumber business and for about forty years has been engaged in buying and selling timber lands and, to some extent, in the production of lumber, as disclosed by the following excerpt from his testimony at the hearing:

I started in on the Chippewa River when I was 18, at $15 a month and they paid me off in scrip which I had to discount when I got through at 25 per cent, and I worked in logging camps on a salary for several years on the Chippewa Indian Reservation. Then I went into business myself on a small scale. My means were limited and I speculated a little in land, and I worked in that

way and had quite a thorough knowledge of the woods, and lumber and logging and everything pertaining to the operation and I did not seem to have much difficulty in getting capital to go into it. I started in that way and I was in.the woods a great deal and had men employed in the woods, and we had to look over a great deal of country, several times before we purchased anything. It required very close designation as to quality and quantity of timber. Often times we would find the quantity and the location would not be accessible and there were a great many things taken into consideration, and I acquired a great deal of the timber and formed corporations, and I formed corporations in other places, and I was called in as an advisor and always took stock in the corporations. I was always a stockholder and I made it a rule early in life that I never took a salary or a commission. I never got a commission for buying or selling stock or timber in my life. The largest salary I ever got was $100 a month when I worked in the office. I worked up to $100 a month and then I went into operating myself. I operated in Wisconsin, Minnesota, Idaho, Washington and Oregon, and also was interested in Florida in two lumber companies— in three lumber companies. One was a lumber company and the other was a timber company. I was a stockholder and an officer in two. The Putnam Lumber Company I was the largest stockholder in. That is in existence yet, that is in Florida. That covers the ground pretty fairly.

Petitioner was a stockholder in every company that he organized and, in most instances, was a director and officer. He controlled and directed the policies of each corporation that he formed. He never received any salary for his services and depended for his profits on the dividends received from the corporations and the gains realized from disposing of the same and subsequent liquidation of his stockholdings. In almost every instance he financed the corporation which he formed either by the endorsement of corporate paper or direct advances of capital secured on his personal credit. In the years 1924 and 1925 he paid interest on money borrowed to finance his corporations in the respective amounts of $93,825.99 and $155,-169.03, and such payments, far in excess of any receipts from interest due him, resulted in the losses sustained in those years. In our opinion, this interest was paid in connection with the petitioner's regular business.

The record here is convincing that during his entire business life the petitioner has operated in timber and lumber properties individually and through corporations organized by him for that purpose, and he has had no other major business interest. Timber and lumber operations have been his vocation and this is the test very early applied by the Board. *J. J. Harrington*, 1 B. T. A. 11. We are of the opinion that the losses sustained by the petitioner in 1924 and 1925 were incurred in the operation of a business regularly carried on and that his tax liability for 1926 should be settled by the application of such losses to his income for that year in conformity with section 206 of the Revenue Act of 1926. *Ignaz Schwinn*, 9 B. T. A. 1304; *T. I. Crane*, 17 B. T. A. 720; *Harvey H. Ostenberg et*

*al.*, 17 B. T. A. 738; *Elmore L. Potter*, 18 B. T. A. 549; *Glen M. Averill*, 20 B. T. A. 1196; *E. D. Anthony*, 20 B. T. A. 5; *Harry F. Harper*, 20 B. T. A. 143; and *J. L. Washburn*, 51 Fed. (2d) 949.

*Decision will be entered under Rule 50.*